UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CASPER C.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C25-6003-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. He contends that the administrative law judge ("ALJ") erred by misevaluating his testimony, the medical opinion evidence, and the lay witness evidence, which resulted in an erroneous residual functional capacity ("RFC") determination. (Dkt. # 14.) The Commissioner responds that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 16.) Plaintiff filed a reply. (Dkt. # 19.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 6.)

ORDER - 1

## II.    BACKGROUND

Plaintiff was born in November 1991, has a high school education, and has worked as a customer service representative. AR at 558-60. He was last gainfully employed in 2015. *Id.*

In August 2023, Plaintiff applied for benefits, alleging disability as of June 25, 2019. AR at 35. His application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 35. After the ALJ conducted a hearing in February 2023 the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 334-47. Plaintiff requested review by the Appeals Council, which granted review and remanded the case for further proceedings. *Id.* at 355-57. A different ALJ conducted a hearing in October 2024, and Plaintiff amended the alleged onset date to August 17, 2021. *Id.* at 36. The ALJ again issued a decision finding Plaintiff not disabled. *Id.* at 36, 56.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, that Plaintiff overcame the presumption of nondisability under *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), but that there was no basis to reopen his prior claim for benefits. AR at 35. The ALJ found that Plaintiff has the RFC to perform a full range of work at all exertional levels, with additional nonexertional limitations. *Id.* at 42. Because Plaintiff can perform jobs that exist in significant numbers in the national economy, the ALJ concluded that he is not disabled. *Id.* at 55.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 3.)

---

[2] 20 C.F.R. § 416.920.

ORDER - 2

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### IV.    DISCUSSION

#### A.    The ALJ Did Not Err in Evaluating Plaintiff's Testimony

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th

Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

At the most recent hearing, Plaintiff testified that he lives alone but has a caregiver who assists between 70 and 75 hours a month. AR at 277-78. He has never had a driver's license and primarily relies on his caregiver for transportation, although he sometimes uses public transportation. *Id.* at 279. He finds public transportation difficult because he gets confused. *Id.* at 280-81. His caregiver takes him shopping, and he sees his counselor in person once a month. *Id.* at 281. He testified that his sleep schedule is irregular due to both physical and mental health issues, that he feels exhausted all day, and that it would be impossible for him to wake up at 7:00 a.m. *Id.* at 282, 284, 286. He occasionally takes over-the-counter medication to help with sleep but does not currently take any mental health medication because he found it ineffective. *Id.* at 282-83. He testified that he struggles with memory, sometimes forgets to make food, almost never leaves the house alone, and has difficulty understanding and following directions. *Id.* at 283-85, 287.

Plaintiff argues that the ALJ misapplied Ninth Circuit law by rejecting his testimony as to the severity of his symptoms and limitations based solely on the absence of objective evidence. (Dkt. # 14 at 10-11 (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015)).) However, an ALJ is not required "to simply accept a claimant's subjective symptom testimony notwithstanding inconsistencies between that testimony and the other objective medical evidence in the record, allowing a claimant's subjective evidence to effectively trump all other evidence in a case." *Smartt*, 53 F.4th at 499. The ALJ may discount testimony to the extent it is undercut by inconsistent medical evidence. *Id.* at 498.

ORDER - 4

The ALJ found that Plaintiff's testimony was inconsistent with the objective medical evidence, including improvement with conservative treatment. AR at 45-48. Inconsistent medical evidence, improvement with medication, and generally conservative treatment are valid factors for an ALJ to consider when assessing testimony about disabling limitations. *See, e.g.*, *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("evidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Carmickle v. Comm'r, Soc. Sec.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (explaining that a conservative course of treatment can be a factor weighing against a claimant's testimony); 20 C.F.R. § 416.929(c)(3).

Plaintiff has not shown error in the ALJ's analysis of the inconsistencies between his testimony and the longitudinal medical record. AR at 45-47. The ALJ cited numerous normal mental status exams, Plaintiff's ability to actively engage in therapy, and his pleasant and talkative demeanor with providers and examiners. *Id.* The ALJ also reasonably found that Plaintiff's impairments predated the alleged onset date and improved after that date with no mental health medications, only talk therapy and testosterone, which the ALJ characterized as conservative treatment. *Id.* at 48 (citing *id.* at 661 ("Bipolar diagnosis is updated to partial remission status"), 1469 ("feels that his energy and mood are greatly improved on this [testosterone] dose"), 2250 ("Patient not on any medications at this time"), 2254-55 (noting stable ADHD and bipolar).

Plaintiff next argues that the ALJ misevaluated his testimony because none of the activities cited by the ALJ meet the threshold for transferable work skills, but he does not address how those activities are consistent with his testimony, other than asserting, without analysis, that "none of [his] activities are inconsistent with his testimony." (Dkt. # 14 at 10.)

ORDER - 5

The ALJ appropriately linked Plaintiff's testimony to specific activities that he found contradictory. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). For example, although Plaintiff testified that he struggles with auditory processing, AR at 287, the ALJ observed that he had no difficulty at the hearing understanding and answering questions and recalling his symptoms. *Id.* at 43. The ALJ also noted that Plaintiff could research topics of interest, such as dissociative identity disorder, and recall and repeat that diagnosis and associated symptoms to providers. *Id.* at 44 (citing *id.* at 747 ("He described he was suspecting that he was DID and he did research on the symptoms on-line.")).

The ALJ further found that Plaintiff's testimony of "a near inability to function independently" conflicted with his wide range of activities. AR at 43-44, 48; *see also id.* at 281-87. Plaintiff stated that he managed independently during a three-week period when his caregiver did not come over. *Id.* at 1154. He can play video games, stream on Twitch, program, and participate in hobbies. *Id.* at 223-27 ("I've been streaming on Twitch . . . I also have a lot of creative pursuits I get into."), 1145 ("he has been programming with a program Bitsy and also shares that he has been making a new game called Wool"), 2193 ("Client has started writing a book"), 2196 (discussing the podcast Plaintiff was hosting), 2227 ("for medical reasons must abstain from sexual activity for 3 months so the client has been channeling their energy through writing an erotic story"). He usually streams about four hours a day but has streamed for as long as ten hours. *Id.* at 227 ("My last stream was ten hours . . . I was trying to go for 12 but, at the end, nobody was there so I called it quits early."), 1183 ("Client states they 'have been playing minecraft for 3-4 hours a day streaming close to 60 hours a week'"), 1197 ("tired from streaming mine-craft on-line for 6 hours").

Although Plaintiff testified that he almost never leaves the house and has poor energy, the record shows that he went to urgent care in August 2023 for knee and palm abrasions after slipping on a muddy bank while walking outside following a swim in a river. AR at 2044. While he reported difficulty getting along with others and little to no contact with people, *id.* at 571-73, the record shows he spent time with friends, joined a board game group, participated in a Dungeons and Dragons therapy group, and continued dating. *Id.* at 1148 ("he celebrated his ex['s] birthday for 3 days"), 1160 ("Client states 'they were having a threesome[.']"), 1180 ("Client also seemed excited sharing hanging out with his new friend Alice"), 1189 ("excited sharing their friend 'Rose inviting them to board game group'."), 2199 ("is engaged in 7 new relationships with an interest for more than friendships."), 2205-18 ("supported in creating characters for the DnD game and reviewed gameplay."). Accordingly, it was reasonable for the ALJ to conclude that Plaintiff's activities were inconsistent with his testimony.

**B.    The ALJ Did Not Err in Evaluating Medical Evidence**

The regulations applicable to this case require the ALJ to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

*1.    Terilee Wingate, Ph.D.*

Dr. Wingate examined Plaintiff and issued opinions in November 2016, October 2017, August 2019, and September 2021. AR at 749, 1429, 1437, 1446. The ALJ considered Dr. Wingate's 2021 opinion, the only one issued during the relevant period, and found it unpersuasive because it was unsupported and inconsistent with the longitudinal record. *Id.* at 52. The ALJ found that Dr. Wingate relied heavily on Plaintiff's unreliable self-reports and provided

little explanation beyond checked boxes on a form. *Id.* at 52. An ALJ may reject a medical opinion if it is based "to a large extent" on a claimant's properly discredited self-reports. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Plaintiff argues that Dr. Wingate provided "a detailed narrative discussion of Candlewood's history and symptoms." (Dkt. # 14 at 3-5.) But, as the Commissioner correctly notes, the narrative portion of Dr. Wingate's opinion largely recites Plaintiff's self-report. (Dkt. # 16 at 10); AR at 746-48. Because, as discussed above, the ALJ properly discounted Plaintiff's testimony, the ALJ did not err in discounting an opinion that primarily relied on those statements. Plaintiff also fails to show error in the ALJ's finding that Dr. Wingate's opinion was inconsistent with the numerous largely normal mental status exams throughout the record. AR at 53 (citing *e.g.*, *id.* at 756, 758, 760, 763, 765, 767, 770, 772, 774, 776, 778, 780, 782, 784; 1105, 1107, 1110, 1112, 1115, 1118, 1120, 1122, 1126, 1129, 1132, 1135, 1138, 1141, 1144, 1147, 1150, 1153, 1159, 1162, 1165, 1169, 1172, 1175, 1179, 1182, 1185, 1188, 1191, 1194, 1196, 1198, 1200, 1203, 1205, 1208, 1210, 1212, 2182, 2190, 2196, 2199, 2209, 2221, 2227, 2230, 2233, 2236).

### 2.    *William R. Wilkinson, Ed.D.*

Plaintiff argues that "for the same reasons argued above with regard to Dr. Wingate's opinion, none of the ALJ's reasons for rejecting Dr. Wilkinson's opinion are valid reasons supported by substantial evidence in the record as a whole." (Dkt. # 14 at 6.) The ALJ considered Dr. Wilkinson's opinion and found it unpersuasive because it was unsupported and inconsistent with the medical record. AR at 53. For the reasons already explained, it was reasonable for the ALJ to discount Dr. Wilkinson's opinion to the extent it conflicted with the medical record and

ORDER - 8

relied on Plaintiff's unreliable self-reports. Plaintiff's briefing does not identify error in this analysis.

### 3. Rozanne R. McCarty, MA, CAAR

Plaintiff argues that the ALJ erred in evaluating Ms. McCarty's opinion, which he contends was supported by her own clinical notes and those of Clinical Social Worker Associate Ozark Gore, Mariah Vylet, MA, CAAR, and Ricky Gourdine, MS, CAAR. (Dkt. # 14 at 6-8.) The ALJ considered Ms. McCarty's opinion and found it unpersuasive because it was unsupported and inconsistent with the longitudinal record. AR at 51-52. Specifically, the ALJ noted that: (1) she is not an acceptable medical source; (2) she lacked knowledge of Plaintiff's overall mental health treatment and incorrectly believed he was taking mental health medication; (3) she did not provide mental health diagnoses; (4) she cited no clinical or objective medical findings to support her conclusions; (5) her opinion was inconsistent with Plaintiff's activities; (6) it was inconsistent with Plaintiff's improvement with treatment; and (7) it was inconsistent with the overall medical record. *Id.*

Although Plaintiff acknowledges some of these findings (*see* dkt. # 14 at 8), he does not meaningfully engage with the ALJ's reasoning. On this record, it was reasonable for the ALJ to find Ms. McCarty's opinion unsupported and inconsistent with the medical evidence.

### 4. Kent Reade, Ph.D. and Lisa Hacker, M.D., MPH

Plaintiff summarily argues that the ALJ misevaluated the prior administrative medical findings because "their findings are reasonably supported by the longitudinal evidence." (Dkt. # 14 at 9.) The ALJ considered the opinions of Drs. Reade and Hacker and found each not fully persuasive because they did not review subsequent evidence and did not consider the combined

ORDER - 9

effects of Plaintiff's impairments. AR at 49-50. Plaintiff does not show that these reasons lack substantial evidentiary support.

5. *Appeals Council Evidence*

Plaintiff argues that evidence he submitted to the Appeals Council after the ALJ's decision supports his claims and undermines the ALJ's findings. (Dkt. # 14 at 9-10.) He relies on opinions from Margie Williams, PMHNP-BC and Holly Petaja, Ph.D. (*Id.*) When additional evidence is submitted for the first time to the Appeals Council, the Court must consider whether the ALJ's decision remains supported by substantial evidence in light of the new evidence. *See Brewes v. Comm'r of Soc. Sec.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Plaintiff bears the burden to "demonstrate that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (citation omitted).

Plaintiff has not met this burden. First, the additional opinions post-date the ALJ's decision and are therefore less probative of Plaintiff's functioning during the adjudicated period. *See, e.g., Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996); *Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989); *John R. v. Comm'r of Soc. Sec.*, 2020 WL 1819869, at *6 (W.D. Wash. Apr. 10, 2020). Second, Plaintiff merely suggests that a reasonable ALJ "could" have reached a different conclusion after reviewing the new evidence. (Dkt. # 14 at 9-10.) The fact that the ALJ could have reached a different conclusion does not establish error. *See Shaibi v. Berryhill*, 870 F.3d 874, 879-80 (9th Cir. 2017). Third, the reasons the ALJ gave for discounting the medical opinions discussed above apply with equal force to the new opinions. *See Hoyt v. Colvin*, 607 F. App'x 692, 693 (9th Cir. 2015); *Brewes*, 682 F.3d at 1161-63; *John R.*, 2020 WL 1819869, at *6.

ORDER - 10

The additional opinions do not undermine the ALJ's findings that Plaintiff improved during the relevant period and that his activities were inconsistent with disabling limitations.

Because Plaintiff has not shown a reasonable possibility that the new evidence would change the outcome, remand is not warranted on this basis.

**C.    The ALJ Did Not Err in Evaluating Lay Witness Evidence**

Plaintiff argues that the ALJ erred in evaluating statements from his mother, R.L. (Dkt. # 14 at 17-18.) He also references notes from SSI Facilitator Alex Richters and seven "Service Summaries," but he does not develop any argument that the ALJ was required to analyze this evidence. (*Id.*) The Court will not "manufacture arguments where none is presented." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

Plaintiff concedes that R.L.'s statements are consistent with his own. (Dkt. # 14 at 17-18.) The ALJ considered R.L.'s statement and found it generally consistent with Plaintiff's statements but inconsistent with the medical evidence. AR at 54. This is a germane reason to discount the lay statement. And even if the ALJ erred, any error is harmless because the lay statements largely echoed Plaintiff's allegations, and the ALJ provided valid, well-supported reasons for discounting those allegations. *See Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 694 (9th Cir. 2009).

Because Plaintiff's remaining arguments regarding the ALJ's RFC finding and ultimate non-disability determination are derivative of his challenges to the ALJ's evaluation of the evidence, they also fail. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

//

ORDER - 11

## V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 5th day of June, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 12